## ED ELLIS v. THE UNITED STATES.

(Filed July 17, 1902.)

DISTRICT COURT AT PAWHUSKA—Jurisdiction. The district court at Pawhuska, in the Osage Indian reservation, has no jurisdiction of the crime of murder committed by a white person, not a member of the Indian tribes, on said reservation. The case of *Goodson v. The United States*, 7 Okla. 117, followed and approved.

(Syllabus by the court.)

*Error from the Pawhuska District Court; before Bayard T. Hainer, Trial Judge.*

*Fitzpatrick & Leahy,* and *R. J. Hill,* for plaintiff in error.

*Horace Speed, United States Attorney,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: At the November term, 1897, of the district court sitting at Pawhuska, in the Osage Indian reservation, an indictment was returned against the plaintiff in error, Ed Ellis, charging him with the crime of murder. The

defendant and one James Kelsey were jointly charged with having killed and murdered one William Brown on the 31st day of October, 1897, in the Osage Indian reservation in the Territory of Oklahoma. Ellis was apprehended, tried at the April term, 1898, of the district court at Pawhuska, found guilty of manslaughter, and sentenced to serve a term of eight years in the Ohio state penitentiary, at Columbus, Ohio, where he is now confined. He was prosecuted by the United States, and the court which tried and sentenced him was at the time sitting with and exercising the powers and jurisdiction of a United States circuit court and distrct court.

The prisoner objected to the jurisdiction of the court at each step in the proceedings, and also to the competency, qualifications and manner of selecting both the grand and petit jurors in said cause.

After the conviction and sentence of Ellis, he appealed to this court. It is conceded by counsel both for the United States and for the prisoner, that the questions presented by the record are identical with those decided by this court in the case of *Goodson v. The United States,* 7 Okla. 117.

Ellis is a white person and not a member of any Indian tribe. Brown, the person alleged to have been killed, was also a white person and not a member of an Indian tribe.

We held in the Goodson case that there were no residents of the Osage or Kaw reservations having the qualifications of jurors, and that the juries for the district court at Pawhuska, must be drawn from the jury box of the county to which these reservations were attached for judicial purposes. We also held in that case that the district court when sitting at Pawhuska in the Osage reservation, had no jurisdiction of crimes committed on the reservation by white persons, but that such

persons should be tried in the district court of Pawnee county, the county to which such reservation is attached for judicial purposes.

We now see no reason to change or modify the ruling in the Goodson case, and on the authority of that case the judgment of the district court at Pawhuska, in this case, is reversed, and the cause remanded to said court, with directions to dismiss said cause for want of jurisdiction, and that any further proceedings in said cause be had in the district court of Pawnee county.   And the warden of the Columbus, Ohio, penitentiary is directed to deliver the prisoner, Ed Ellis, to the United States marshal of Oklahoma, and said marshal is authorized to return said prisoner to the Territory of Oklahoma, and there hold him in the federal jail at Guthrie, subject to bail, to be allowed by the proper court, and subject to the further orders of the district court of Pawnee county, Oklahoma.

Hainer, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.